UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELE CLOUTIER, | : | |
| Plaintiff, | : | CIV. NO. 3:02CV616(AHN) |
| v. | : | |
| GORDON R. ENGLAND,<br>SECRETARY OF THE NAVY, | : | |
| | : | |
| Defendant. | | MAY 26, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
ANSWERS TO WRITTEN DISCOVERY AND
<u>ATTENDANCE AT DEPOSITION AND MEDICAL EXAMINATION</u>**

Pursuant to D. Conn. L. Civ. R. 7(a), Defendant respectfully submits this memorandum of law with exhibits in support of his motion to compel. Plaintiff asserts that due to medical incapacity she cannot participate in discovery and will require at least another 90 days to fulfill her discovery obligations. Defendant objects.

<u>THE COMPLAINT</u>

This is a federal employment discrimination action arising from Plaintiff's former employment at the Naval Undersea Warfare Center, New London. Plaintiff alleges sex discrimination and retaliation in her treatment at work and claimed constructive discharge. She alleges that the Navy failed to pay her on an equal basis with her male counterparts and rigged the selection process to deny her promotional opportunities on the basis of sex. Complaint, ¶¶ 15-43. She suffered job-related stress and

was diagnosed with breast cancer.  As a result, over a period from 1993 to 1996, she took three medical leaves of absence and filed for disability retirement.  Complaint, ¶¶ 49, 53, 58, 61.  She further claims that during that same period she was shut out of a meeting and retaliated against in other, unspecified ways for filing a discrimination complaint.  Complaint, ¶¶ 44-61.  Plaintiff alleges she was constructively discharged in January, 1996.  Complaint, ¶ 61.  Plaintiff's expert psychiatrist has testified that Plaintiff is completely disabled from working.

DISCOVERY DISPUTE

This action was originally filed in the District of Rhode Island on February 20, 2001.  The original trial-ready date in this district was September, 2003.  Report of Parties Planning Meeting, May 24, 2002.  The defendant consented on three previous occasions to extensions of the discovery deadline due to settlement efforts or the medical incapacity of the plaintiff.  Discovery closes in one month, on June 28, 2004.

<u>Interrogatories and Requests for Production</u>.  On May 28, 2003, Defendant served his Second Set of Interrogatories and Requests For Production on the Plaintiff, Exhibit B.  This set is the principal set of defendant's written discovery in this case, six interrogatories (nos. 5-10) and twenty requests for production (nos. 7 - 26).  They concerned both the merits and damages.  Previous, abbreviated discovery had been conducted

prior to settlement discussions.  To date, Plaintiff has not served any objections or responses on the Defendant, nor has she filed a motion for extension of time.  The responses are 332 days overdue.

<u>Medical Examination</u>.  Plaintiff disclosed her own expert psychiatrist, who has been deposed, and agreed that she would submit to examination by Defendant's expert psychiatrist and psychologist.  Despite repeated requests, Plaintiff has yet to make herself available for examination, citing her condition.

<u>Plaintiff's Deposition</u>.  After Defendant's expert is able to examine the Plaintiff and deliver his report, the Defendant intends to depose the Plaintiff.  The Plaintiff asserts that her health prevents her from appearing for deposition.

<u>Disagreement Between The Parties</u>.  The Plaintiff, citing Plaintiff's health, proposes that the parties again seek to extend discovery three months.  Plaintiff's counsel states that he is waiting to hear back from Plaintiff's doctors and that he "hopes" this will be the last extension.  Letter from V. Edward Formisano, dated May 14, 2004, attached as Exhibit A.

<u>STANDARD</u>

Rule 37 of the Federal Rules of Civil Procedure provides, in part:

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, . . . or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection

- 3 -

>submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a).

## ARGUMENT

Plaintiff seeks, in effect, Defendant's consent to her having an indefinite extension to the already 332 additional days she has enjoyed to respond to the written discovery. Starting a year ago, Defendant has inquired on numerous occasions when the discovery will be received and when the Plaintiff can be examined (and later deposed), and, each time, Defendant's counsel has alluded to Plaintiff's poor health as the reason for the delay.

There has been no documentation of Plaintiff's incapacity, nor has there ever been any report, by Plaintiff's counsel or her doctors, of what Plaintiff's prognosis is and when she is expected to be able to prosecute her claims. Defendant notes that one of the chief stressors documented in Plaintiff's medical records is <u>this litigation itself</u>, a stressor that obviously will not abate so long as discovery drags on.

Defendant has tried his best to cooperate with Plaintiff and be understanding of this situation. However, Defendant cannot consent to Plaintiff's latest proposal of a 90-day discovery extension with no promise of finality.

At this point in the case, the delay is causing prejudice to

the defendant.  This is particularly important in this case, because the Court, in its July 14, 2003 Ruling, denied Defendant's motion to dismiss four of the five principal claims for failure to exhaust administrative remedies.  Because no EEO complaint was ever brought addressing these other claims, there was no contemporaneous EEO investigation that would have compiled documents and witness statements.  In the eleven years since the administrative EEO complaint was filed most of the documents relating to the other, earlier-arising claims were destroyed pursuant to records retention policies and the closing of the New London NUWC facility, where Plaintiff was employed.

   The passage of time prejudices the defendant with respect to witnesses, as well.  Because documents are scarce, witnesses' recollections are important.  Defendant's witnesses are all retired from federal service and their memories are fading fast.  The chief events at issue in this case took place over ten years ago.  Even in only the past year, it is counsel's impression that witnesses' memories have been subject to the universal phenomenon that befalls retirees with no incentive or occasion to remember work-related events.

   The retired witnesses' attendance at trial cannot be guaranteed without a subpoena.  Although in the three years since this Complaint was filed, they have been cooperating with the Government and they have not left this district, there is no

guarantee that they will remain able to testify and within the subpoena power of this district for the indefinite duration contemplated by Plaintiff.

Defendant needs to have the written discovery answers, the opportunity to have his expert examine the plaintiff, and the opportunity to depose the plaintiff in order to adequately defend this action.  Plaintiff has unreasonably and unjustifiably failed to participate in the discovery process.  The Rules are to be applied with an eye toward the "just, speedy and inexpensive" determination of actions.  Fed. R. Civ. P. 1; see Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)(six-month delay may entitle defendant to Rule 41 dismissal). Ordering Plaintiff's fulfillment of her discovery obligations by a date certain will preserve her right to pursue her remedies in this court while ensuring fairness for the defendant.

## RELIEF

Defendant seeks the following:

(i)   an order deeming all objections to the interrogatories and requests for production waived and compelling the Plaintiff to serve her answers on the Defendant at the New Haven U.S. Attorney's Office by close of business Friday, June 11, 2004;

(ii)  an order compelling Plaintiff to appear for medical examination, as had been previously agreed by

      Plaintiff's counsel. Scheduling will be a challenge, as the Defendant has agreed to send his expert witness to Rhode Island, where the Plaintiff resides, to accommodate the Plaintiff, and we have to plan around the psychologist's and psychiatrist's schedules. Also, the examination requires two separate meetings separated by an interval between. Therefore, Defendant seeks an order requiring Plaintiff to designate by close of business Wednesday, June 2 no fewer than ten dates between June 14 and July 30, 2004 when she will be available for examination; and

(iii)    an order compelling Plaintiff to make herself for two days of deposition testimony no later than forty-five days after the completion of defendant's expert report.

In the alternative, Defendant seeks a status conference with the Court or with the magistrate judge so that Plaintiff can proffer medical documentation of her prognosis and appropriate deadlines can be set.

                      Respectfully submitted,

                      KEVIN J. O'CONNOR
                      UNITED STATES ATTORNEY

                      CAROLYN A. IKARI
                      ASSISTANT UNITED STATES ATTORNEY
                      450 Main Street, Room 328
                      Hartford, Connecticut  06103
                      (860) 947-1101

Federal Bar No. ct13437

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the within and foregoing has been sent via facsimile **(without exhibits)** and mailed, postage prepaid, this 26TH day of May, 2004, to:

Edward Formisano
Sinapi, Formisano & Company, Ltd.
100 Midway Place
Suite 1
Cranston, RI 02920-5707

and mailed, postage prepaid, to:

Raymond T. Trebisacci
398 Liberty Street
Pawcatuck, CT  06739

AUSA William Brown
Office of the U.S. Attorney
157 Church Street, 23rd Floor
New Haven, Connecticut 06510

Honorable Holly B. Fitzsimmons
United States Magistrate Judge
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut  06604

---
CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY