UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHELE CLOUTIER                        :

                Plaintiff,       :   CIVIL NO. 3:02CV616 (AHN)

    v.                                  :

GORDON R. ENGLAND,                      :
Secretary of the Navy,

               Defendant.       : MAY 28, 2003

## DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Gordon R. England, Secretary of the Navy, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds and serves the following written Interrogatories and Requests for Production for response by the plaintiff within thirty (30) days from the date of service hereof.

Pursuant to the Local Rules of Civil Procedure, answers to these Interrogatories should be entered in the space provided below the particular interrogatory. Upon completion of the answers, please execute the attached Declaration. List each document withheld on the basis of a privilege on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and Local Rule 37(a)(1).

Definition of terms and rules of construction shall be according to Local Rule 26(a)-(d) and as stated below.

"Economic" damages shall include all objectively

- 1 -

verifiable monetary losses including, but not limited to, lost wages, lost benefits, lost property, and medical expenses.

"Non-economic" damages shall include all subjective, non-monetary losses including, but not limited to, emotional pain or distress, suffering, inconvenience, mental anguish, loss of sleep, injury to standing or reputation, and humiliation.

"Health care provider" shall mean any person from whom you sought or who rendered to you consultation, assessment, diagnosis, advice or treatment for any injury, illness, condition, or health problem, including substance abuse. This includes, but is not limited to, physicians, psychiatrists, psychologists, counselors, nutritionists, social workers, dentists, chiropractors, and physical therapists.

"Your chronology" refers to the thirty-page chronological narrative produced by you in response to Defendant's Request for Production no. 2.

**INTERROGATORIES**

5.    For each element of economic damages sought and all amounts offsetting in this action, including, if applicable, the "severe financial losses," "loss of income, benefits and pension contributions," "other monetary losses," "privileges to which his employment entitled [him]," and "pre- and post-judgment interest" alleged in the Complaint, state for each element (a) the type of damage or offset; (b) the amount sought or offset; and (c) the calculation performed to arrive at the amount sought or offset. Please include income from subsequent employment, including self-employment, in amounts offsetting.

6.    For each element of non-economic damages sought in this action, including, if applicable, the "compensatory damages," "great pain and emotional distress, humiliation and public embarrassment" and "physical and emotional distress" alleged in the Complaint, state for each element (a) the type of damages; (b) the amount sought; and (c) the calculation performed to arrive at the amount sought.

7.    Identify each health care provider from whom you sought or who rendered to you consultation, assessment, diagnosis, advice or treatment for any complaint or condition from January 1, 1990, to the present, stating for each provider (a) the complaint or condition involved; (b) the treatment received, if any, (c) the dates care was rendered; (d) the name of the individual or individuals providing the care, if known; and (e) whether you are currently under the care of that provider.

    8.    Identify each person you expect to call as an expert or other witness to offer any opinion evidence of any kind and state the compensation to be paid the person for his or her report, preparation, and testimony.

9.    Identify any monetary benefits or credits you have received at any time from January 1, 1993, through the present from the United States, from an agency of the United States, or a state or local government (including workers compensation payments and unemployment benefits), and include the type of benefit or credit, amount of those benefits/credits, the frequency of those benefits/credits, the duration of those benefits/credits, the reason for the receipt of those benefits/credits, and the date you applied for the benefits/credits.

10.  For any employment you have had since January 1, 1993, other than with the Department of the Navy, list the dates of that employment and identify the employer.

## REQUESTS FOR PRODUCTION

7.    For each element of money damages and offsets identified in your Responses to Interrogatories Nos. 5 and 6, produce all documents depicting the calculation of those amounts.

8.   For each element of money damages and offsets identified in your Responses to Interrogatories Nos. 5 and 6, produce all documents that you used or that you referred to in the calculation of those amounts, including all documents depicting the source data for those calculations and amounts.

9.   For each expert or other witness identified in the Response to Interrogatory No. 8, produce a resume or curriculum vitae.

10.   Produce all documents which concern, refer to, or reflect your efforts to seek employment, including self-employment, during the period from January 1, 1993 to the present.

11.  Produce all your federal income tax returns, including all schedules, W-2s and 1099s, for the tax years 1993 to the present.

12.  Produce all your diaries, journals, calendars, and appointment books from January 1, 1992, to the present, including those in electronic form.

13.   Produce all correspondence, notes, cards and messages, both work-related and not work-related to and from Carl Nawrocki in the period January 1, 1992 to the present, including those in electronic form, including any documents pertaining to the desk audit referred to in paragraph 27 of the Complaint.

14.  Produce any and all documents concerning the allegation that "[p]laintiff should have been paid at a GS-14 grade [] while detailed as a deputy program manager" in paragraph 31 of the Complaint.

15.  Produce any and all documents concerning the allegation of promises made to you relative to promotions in paragraph 33 of the Complaint.

16.  Produce any and all documents concerning the allegation that "misrepresentations about [your] record were made to ensure that the [you] would not be a viable candidate for the position and that the position would be awarded to a male employee" in paragraph 41 of the Complaint.

17.   Produce any and all documents concerning the allegation that Defendant "failed to maintain a hiring, promotion and/or transfer policy based on objective criteria that was uniformly applied to men and women" in paragraph 43 of the Complaint.

14.  Produce any and all documents concerning the allegation that "the defendant retaliated against [you] for complaining about the Department's discriminatory practices, policies and/or customs and for filing a charge of discrimination" in paragraph 46 of the Complaint.

19.  Produce all documents concerning or depicting communications with the EEO office alleged in paragraph 47 of the Complaint.

20.  Produce all documents concerning the request for information by the Department concerning "pending high grade, high priority promotions at NUWC, meaning all promotions to GS-13 or higher" referred to in paragraphs 54 and 55 of the Complaint.

21.  Produce any and all documents concerning the allegation that after [your] return to work "the Department's employees and/or agents retaliated against [you] for filing a discrimination charge by taking away duties and responsibilities associated with the [your] position" in paragraph 57 of the Complaint.

22.  Produce any and all documents concerning the allegation that "the Department retaliated against [you] for filing a charge of discrimination by reassigning [you] to work with a GS-13 branch head and by giving [you] no direction or input as to her duties or responsibilities" in paragraph 60 of the Complaint.

23.  Produce the "three inch thick 92 notebook" referred to at the top of page 8 of your chronology and any other such documents or notebooks corresponding to that or any other period of time.

24.  Produce any lists or data concerning, reflecting or summarizing the employment of women at NUWC and their GS grades, including the "Ross Perot" graphs from the July 1, 1993 meeting mentioned at the bottom of page 15 and top of page 17 of your chronology.

26.  Produce any written statement or report made by any expert, individual, or witness consulted by you in connection with your claim or the damages related thereto.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut  06103
(860) 947-1101
Fed. Bar No. ct13437

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Defendant's Second Set of Interrogatories and Requests For Production has been mailed, postage prepaid, on this _____ day of May, 2003 to:

Edward Formisano
Sinapi, Formisano & Coleman
100 Midway Place
Suite 1
Cranston, RI 02920-5707

Raymond T. Trebisacci
398 Liberty St.
Pawcatuck, CT 06739

William M. Brown
Office of the U.S. Attorney
157 Church Street, 23rd Floor
New Haven, Connecticut 06510

Emilia Thompson
Office of Counsel
Naval Undersea Warfare Center Division
1176 Howell Street
Newport, Rhode Island  02841-1708


_____
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHELE CLOUTIER                    :

                      Plaintiff,      :   CIVIL NO. 3:902CV616 (AHN)

    v.                              :

GORDON R. ENGLAND,                  :
Secretary of the Navy,

                    Defendant.      :


**<u>DECLARATION OF MICHELE CLOUTIER</u>**

I, MICHELE CLOUTIER, declare under penalty of perjury that the foregoing responses to the defendant's interrogatories are true and correct to the best of my knowledge and belief.


_____                    _____
DATE                               MICHELE CLOUTIER



Subscribed and sworn to before me
this ____ day of _____, 2003.


_____
Notary Public/
 Commissioner of the Superior Court

My Commission expires: